[Decided February 2, 1887.]

## C. O. BEAN *v.* TERRITORY OF WASHINGTON EX REL. T. R. WILSON.

OFFICE AND OFFICERS — QUALIFICATION — STATUTORY TIME FOR. — The Code of Washington Territory, section 3152, which requires " district, county, and precinct officers elected at the first general election to be held in accordance with the general provisions of this chapter " to qualify within sixty days of a specified date, applies only to the first general election next after the passage of the law, viz., in 1882; and officers falling within the class denominated, and who have been elected subsequent to that election, are not required to observe the provisions of the statute.

ERROR to the District Court holding terms at Tacoma. Second District.

Proceedings by information in the nature of *quo warranto* to try title to the office of county surveyor of Pierce County. The material facts appear in the opinion of the court.

*Mr. J. P. Judson,* for the Plaintiff in Error.

*Mr. Fremont Campbell, Prosecuting Attorney,* for the Defendant in Error.

Mr. Justice GREENE delivered the opinion of the court.

The material facts in this case are as follows: At the general election of November 4, 1884, being the first Tuesday after the first Monday of that month, the relator was elected county surveyor. On the fifth day of January, 1885, he took his oath of office, and filed the same with the county auditor. On the twenty-seventh day of January, 1885, he filed his bond with the same officer, and then demanded of the plaintiff in error, who was then filling the office of county surveyor, possession of that office. Possession being refused, an information to contest the right of plaintiff in error to the office was filed in the District Court at the instance of relator, pursuant to section 602 of the Code. Afterwards such proceedings were had upon the information as resulted in a judgment of ouster by the District Court against the plaintiff in error, from which judgment plaintiff in error appeals.

There is but a single question presented for our decision, and that is, whether a county surveyor, elected subsequent to the general election of November, 1882, is required by the laws of this territory to qualify within sixty days after his election. The determination of this question is conceded to depend upon the language of section 3152 of the Code. This section is as follows: "Sec. 3152. That all district, county, and precinct officers elected at the first general election to be held in accordance with the general provisions of this chapter shall qualify and be entitled to their several offices within sixty days after the first Tuesday following the first Monday in November of the year in which they are elected." In order to sustain the position of plaintiff in error, we should have to give to the word "elected" in this

section the force of the word "elective," or of the phrase "such as are to be elected," either of which senses would be strained and unnatural, and uncalled for by the context, or anything else that we know of in the whole body of our laws.

It is contended by plaintiff in error that the section under consideration is a virtual reproduction of a somewhat similar section contained in the statutes of 1871. (Laws 1871, p. 35, sec. 2.)   But a reference to that section shows it to be one in which the limitation of sixty days cannot by any stretch of construction be understood to apply to any other election than the first general election next after the passage of the law.

The judgment of the District Court is affirmed.

TURNER, J., and LANGFORD, J., concurred.